UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**BRYANT MERCHANT,**

        **Plaintiff**

    v.

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

Case No. 2:18-cv-307
Judge Sarah D. Morrison
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 15.) Plaintiff did not respond to Defendant's motion, and the time to respond has since passed. The matter is now ripe for consideration.

**I.    BACKGROUND**

This is Plaintiff Bryant Merchant's second action in this Court related to his applications for social security benefits. Mr. Merchant filed a protective application for disability insurance benefits and supplemental insurance income benefits on October 2, 2012. (*See Merchant v. Commissioner of Social Security*, 2:16-cv-1074, ECF No. 15, at 1.) After that application was denied, Mr. Merchant filed another application for benefits on April 19, 2013, which was denied initially and upon reconsideration. (*Id*. at 1–2.) Subsequently, an administrative law judge ("ALJ") held a hearing, determined that Mr. Merchant was not disabled within the meaning of the Social Security Act, and denied Mr. Merchant's second application for benefits. (*Id*.) The Appeals Council denied review and adopted the ALJ's determination as the final decision of the Commissioner of Social Security. (*Id*.) Mr. Merchant filed a timely complaint in this Court, but

the Court affirmed the Commissioner's final decision to deny benefits in an Opinion and Order dated March 19, 2018. (*Id.* at 15.)

Mr. Merchant did not appeal the Court's March 19, 2018, Opinion and Order. Nor did he file a new application for benefits based on any new claims that may have arisen after the ALJ adjudicated his second application. (*Prelle Declaration*, ECF No. 15–1, ¶ 3(e).) Instead, Plaintiff filed the instant Complaint, which purports to seek review of a "final decision" that "adversely affects [him] in whole or in part." (Compl., ECF No. 3.) The Commissioner moves to dismiss the Complaint on the grounds that because Mr. Merchant has not obtained a final decision from the Commissioner with regard to any new claims, the Court lacks subject matter jurisdiction over this action. (ECF No. 15, at 1.)

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1)[1] provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotations omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). A factual attack is a challenge to the factual existence of subject matter jurisdiction, in which case no presumptive truthfulness applies to the factual

---

[1] Although the Commissioner invokes Rule 12(b)(6), a motion to dismiss for lack of subject matter jurisdiction is governed by Rule 12(b)(1).

allegations. *Ritchie*, 15 F.3d at 598. In the context of a factual attack, a reviewing court may weigh the evidence in order to satisfy itself as to the existence of its power to hear the case. *Id.*

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Plaintiff has not met that burden in this case.

### III.   ANALYSIS

Section 405(g) of the Social Security Act, 42 U.S.C. § 301 *et. seq.*, governs a district court's jurisdiction to review a decision of the Commissioner of Social Security. Pursuant to § 405(g), federal courts are authorized to review "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . ." Although the Social Security Act does not define "final decision," the Sixth Circuit Court of Appeals has explained that a decision is not final for purposes of § 405(g) until a claimant presents his claims to the Commissioner and exhausts the administrative process established by the applicable regulations. *Willis v. Sullivan*, 931 F.2d 390, 396–97 (6th Cir. 1991) (explaining that finality is comprised of two elements— presentation and exhaustion); *see also James v. Comm'r of Soc. Sec.*, No. 16-6224, 2017 WL 3391704, at *2 (6th Cir. May 4, 2017). That administrative process entails four steps: (1) an initial determination; (2) reconsideration; (3) an ALJ hearing and decision; and (4) Appeals Council review or denial thereof. 20 C.F.R. § 404.900(a)(1)–(4). A plaintiff cannot obtain judicial review until obtaining a final decision, and he/she cannot obtain a final decision until after presenting his/her claims to the Commissioner and completing this entire four-step review process. *See Willis*, 931 F.2d at 396–97; 20 C.F.R. § 404.900(a)(5).

Defendant submits a declaration from an Acting Chief of Court Case Preparation and Review ("Declarant"). Declarant avers that since this Court affirmed the Commissioner's final

3

decision with regard to Mr. Merchant's second application, he has not presented any new claims to the Commissioner by submitting a new application for benefits. (ECF No. 15–1, ¶ 3(e).) Mr. Merchant has not refuted that evidence. Indeed, he has failed to respond in any way to the motion to dismiss. Accordingly, the Court finds that Mr. Merchant has not established that he has presented any new claims to the Commissioner, and, as a result, there is no final decision from the Commissioner for this Court to review. Because there is no final decision, this Court lacks subject matter jurisdiction over this action. *Willis*, 931 F.2d at 397.

The Commissioner addresses the additional argument that Mr. Merchant, through his Complaint, has sought to appeal this Court's March 13, 2018, Opinion and Order. (Def. Mot. Dismiss, ECF No. 15, at 5–6.) The Commissioner asserts that Mr. Merchant's Complaint should not be construed as such because he has not filed a Notice of Appeal with this Court or a Civil Appeal Statement with the United States Court of Appeals for the Sixth Circuit. (*Id.*) Mr. Merchant also did not identify his Complaint as an appeal, nor did he in "in any way indicate that he was challenging the District Court's March 2018 final decision and judgment." (*Id.*)

The Court agrees. Even construed liberally, nothing in the Complaint indicates that Plaintiff was attempting to file a notice of appeal. The Complaint, which is titled as such, explicitly invokes this Court's jurisdiction under § 405(g). (ECF No. 3.) Moreover, it alleges that Plaintiff "complains of a decision" which "has become the final decision of the Secretary." (*Id.*) Although this allegation refers to the Secretary instead of the Commissioner, the Court finds that this can only be construed as a challenge to a purported decision issued by the Social Security Administration— not a decision issued by this Court.

## IV. CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss Plaintiff's Complaint is **GRANTED**. Plaintiff's Complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Court further **CERTIFIES** that any appeal of this Opinion and Order would not be taken in good faith because it would be objectively frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**